United States Courts
Southern District of Texas
FILED
OCT 29 2026
Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | | |
|---|---|---|
| **MARISSA M. GRABOWSKI,** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. [ 4:26cv9574 ] |
| **KING & SPALDING LLP,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

1. Plaintiff Marissa M. Grabowski ("Plaintiff") brings this action against King & Spalding LLP ("Defendant" or "King & Spalding") to recover damages arising from alleged negligence attributable to the acts and omissions of its attorneys and employees acting within the course and scope of their employment.

2. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a). At the commencement of this action, Plaintiff alleges complete diversity of citizenship existed between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Plaintiff alleges King & Spalding owed her a duty to exercise reasonable care in addressing reports of misconduct and harassment beginning in June 2025.

4. Plaintiff alleges King & Spalding, through the conduct of its attorneys and employees acting within the course and scope of their employment, breached its duty by failing to

undertake a reasonable investigation, intervene in the reported conduct, or implement appropriate corrective or protective measures.

5. Plaintiff further alleges these acts and omissions were both the but-for and proximate cause of her emotional distress, economic losses, and injury to her professional reputation, and that subsequent conduct attributable to King & Spalding has caused additional and continuing harm.

6. The allegations underlying this action overlap in part with those at issue in *Renfroe et al. v. Grabowski*, No. 4:26-cv-05327 (S.D. Tex.). With respect to both proceedings, Plaintiff expressly reserves all rights under applicable law to report criminal conduct to appropriate law enforcement authorities and to cooperate with any investigation or proceeding arising therefrom.

7. Plaintiff reserves the right to seek recovery of reasonable attorneys' fees and related expenses to the extent authorized by applicable law, pursuant to Federal Rule of Civil Procedure 54(d)(2) and any applicable statutory or contractual basis for such recovery.

8. Plaintiff further reserves the right to seek such additional civil relief as may be authorized under Texas law, applicable rules governing attorney professional conduct and discipline, and the Federal Rules of Civil Procedure.

9. Plaintiff requests expedited discovery and an early trial setting, subject to the Court's discretion and applicable scheduling requirements.

10. Plaintiff requests trial before the Court without a jury.

## PARTIES, JURISDICTION, AND VENUE

11. Plaintiff Marissa M. Grabowski is a natural person. For purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1), she admits that, at the time of filing this pleading, she was domiciled in and a citizen of the State of California.

12. Defendant King & Spalding LLP is a limited liability partnership conducting business in Houston, Harris County, Texas. For purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1), the defendant's citizenship is determined by the citizenship of each of its partners.

13. This Court has original subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the action is between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

14. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Harris County, Texas. Assignment to the Houston Division is appropriate under the Court's applicable divisional assignment rules.

## FACTUAL ALLEGATIONS

15. Plaintiff was employed by King & Spalding LLP as an attorney in its Houston, Texas office.

16. During Plaintiff's employment, Andrew Stakelum served as one of her supervising attorneys.

17. In June 2025, Tracie Renfroe, a Managing Partner at King & Spalding, received an email from Mr. Stakelum acknowledging harassment and misconduct involving Plaintiff.

18. The contents of the email warranted prompt investigation and reasonable corrective or protective action by Ms. Renfroe.

19. As Managing Partner, Ms. Renfroe knew or reasonably should have known of her supervisory responsibilities, including the obligation to address reported misconduct involving attorneys within the Houston office.

20. To Plaintiff's knowledge, Ms. Renfroe never investigated the allegations, inquired into the surrounding circumstances, or initiated corrective or protective action.

21. Plaintiff remained subject to Mr. Stakelum's supervision despite her request for removal or reassignment.

22. On October 30, 2025, King & Spalding ended Plaintiff's employment providing neither a substantive explanation for its decision nor a contemporaneous documented-evaluation of her performance to support its position.

23. On November 25, 2025, King & Spalding presented Plaintiff with a confidential separation agreement and a release of claims. Plaintiff signed the confidential separation agreement but expressly declined to execute a separate release of claims.

24. According to the King & Spalding's own representations, no formal investigation was conducted until February 2026.

25. Plaintiff alleges that, but for King & Spalding LLP's negligence, she would not have suffered emotional distress, been subjected to harassment, or sustained damage to her professional reputation and standing within the legal community.

26. Plaintiff alleges King & Spalding's failure to investigate or timely address the reported misconduct was a proximate cause of her emotional distress and continuing injury to her

personal, professional, and financial interests. Plaintiff further alleges that the resulting injuries were reasonably foreseeable and directly attributable to Defendant's conduct.

27. Upon information and belief, the King & Spalding's failure to exercise reasonable oversight continued beyond June 2025 to the present, permitting additional acts of alleged harassment and misconduct by King & Spalding attorneys during the pendency of related litigation and causing further harm to Plaintiff.

**COUNT I — NEGLIGENCE**

**Failure to Investigate Reported Misconduct**

28. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

29. Plaintiff alleges Defendant King & Spalding LLP, acting through its Managing Partner, Tracie Renfroe, owed Plaintiff a duty to exercise reasonable care in responding to reported misconduct involving her supervising attorney, Andrew Stakelum.

30. King & Spalding breached its alleged duty by failing to promptly investigate the June 2025 email, inquire into the circumstances surrounding the reported misconduct, or implement reasonable corrective or protective measures.

31. Despite receiving notice of the reported misconduct, King & Spalding permitted Plaintiff to remain under Mr. Stakelum's supervision, notwithstanding her requests for removal or reassignment.

32. According to King & Spalding's own representations, it did not initiate an investigation until February 2026, approximately eight months after receiving notice of the reported misconduct.

33. Plaintiff alleges the approximately eight-month delay by King & Spalding in initiating a formal investigation of alleged misconduct was unreasonable under the circumstances

and constituted a failure to exercise reasonable care in responding to the reported misconduct.

34. Plaintiff alleges King & Spalding's negligent acts and omissions, including its failure to timely investigate the reported misconduct or implement reasonable protective measures, were both a but-for cause and a proximate cause of her substantial emotional distress and continuing harm.

35. Plaintiff seeks $250,000,000.00 in compensatory damages for injuries proximately caused by King & Spalding's alleged negligence, to the extent recoverable under Texas law.

**COUNT II — NEGLIGENCE**

**Failure to Provide Tax Information**

36. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

37. On October 30, 2025, King & Spalding restricted Plaintiff's access to its internal human resources and financial platforms containing information concerning her healthcare benefits and employment tax records.

38. On March 15, 2026, King & Spalding allegedly refused Plaintiff's request for access to her employment tax records, including her 2025 Form W-2. The requested documentation remained unavailable until her independent financial advisor intervened.

39. Plaintiff alleges King & Spalding owed her a duty to exercise reasonable care in maintaining and providing timely access to employment-related records in accordance with applicable law.

40. Plaintiff further alleges King & Spalding breached that duty by restricting access to her employment records and failing to make such records reasonably available upon request.

41. Plaintiff alleges King & Spalding's acts and omissions were both a but-for cause and a proximate cause of delays in preparing and filing her tax returns, resulting in economic losses and emotional distress.

42. Plaintiff seeks $250,000,000.00 in compensatory damages for the economic losses and emotional distress proximately caused by King & Spalding's negligence, to the extent recoverable under applicable law.

## COUNT III — NEGLIGENCE

### Inaccurate Reporting to the State Bar of California

43. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

44. Plaintiff alleges Defendant King & Spalding LLP, acting through its attorneys and employees, communicated to the State Bar of California that Plaintiff had been terminated from her employment.

45. At the time of Plaintiff's departure, King & Spalding representatives Kelli Frank, Susan Vargas, and Elizabeth Taber expressly instructed Plaintiff that her departure was not to be characterized as a termination.

46. Plaintiff alleges King & Spalding owed her a duty to exercise reasonable care in verifying and accurately communicating her employment status to professional licensing authorities.

47. King & Spalding breached its alleged duty by communicating Plaintiff's employment status to the State Bar of California without reasonable verification or appropriate oversight, notwithstanding its prior representations to Plaintiff.

48. Plaintiff alleges King & Spalding's communication prompted an inquiry by the State Bar of California concerning the accuracy of information submitted in connection with her application for admission.

49. Plaintiff further alleges King & Spalding's negligent reporting contributed to the denial of her application for admission to the California Bar, causing emotional distress and continuing professional harm.

50. Plaintiff seeks $250,000,000.00 in compensatory damages for injuries proximately caused by King & Spalding's negligence, to the extent recoverable under Texas law.

**COUNT IV — NEGLIGENCE**

**Negligent Conduct Beyond Ordinary Adversarial Proceedings**

51. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

52. Plaintiff alleges Defendant King & Spalding LLP, acting through its partners, attorneys, and employees within the course and scope of their employment, owed her a duty to exercise reasonable care in undertaking and supervising conduct that foreseeably implicated her personal safety, privacy, and professional reputation.

53. In the related federal action, *Renfroe et al. v. Grabowski*, No. 4:26-cv-05327 (S.D. Tex.), Ms. Tracie Renfroe and Mr. Andrew Stakelum (the Plaintiffs) sought protective relief restricting disclosure of their personal information while simultaneously disclosing Plaintiff's residential address in publicly accessible court filings.

54. Plaintiff alleges King & Spalding knew or reasonably should have known that the public disclosure of her residential address, particularly in the context of the underlying dispute, created foreseeable risks to her privacy and personal safety.

55. Plaintiff alleges that pleadings filed in the related action inaccurately characterize her professional performance, competence, and conduct as an attorney. King & Spalding did not communicate corresponding concerns or deficiencies to Plaintiff during her employment.

56. Plaintiff alleges the publication of these characterizations created foreseeable risks of injury to her professional reputation, standing within the legal community, and future employment opportunities as a trial attorney.

57. Plaintiff alleges King & Spalding knew or reasonably should have known that the dissemination of inaccurate statements concerning an attorney's professional competence and performance could foreseeably cause reputational and economic injury, particularly where such statements were made accessible to members of the legal profession and prospective employers.

58. Plaintiff alleges King & Spalding breached its duty of reasonable care by failing to exercise appropriate oversight of litigation-related conduct attributable to its partners, attorneys, and employees, including conduct involving the disclosure of Plaintiff's residential address and the dissemination of allegedly inaccurate statements concerning her professional performance.

59. Plaintiff alleges these acts and omissions were both a but-for cause and a proximate cause of her emotional distress, exposure to foreseeable personal safety risks, and continuing injury to her professional reputation and economic interests.

60. Plaintiff seeks compensatory damages in the amount of $250,000,000.00 for injuries proximately caused by Defendant's alleged negligence, to the extent recoverable under applicable Texas law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendant King & Spalding LLP awarding:

A. Compensatory damages in the amount of $1,000,000,000.00 for emotional distress, reputational injury, and other damages proximately caused by Defendant's alleged negligence;

B. Taxable costs of court as permitted by applicable law; and

C. Such other and further relief, whether legal or equitable, to which Plaintiff may be entitled under applicable law.

Sincerely,

Marissa M. Grabowski

*General Counsel*
OUEST CAPITAL, LLC
A Texas Limited Liability Company – Formation Pending

Texas Bar No. 24137472
Louisiana Bar No. 41258

mmgrabowski12@gmail.com
+1 (281) 768-0009

*Attorney for Plaintiff*